## Thomas Curtis vs. Jesse Gay.

Under the provisions of the Rev. Sts. c. 101, § 19, for allowing to the tenant in a writ of entry compensation for improvements made by him upon the premises, he cannot claim interest on sums expended by him in improvements, nor sums paid for taxes on the premises, nor for any improvements beyond the limits of the premises demanded.

If an assessor, appointed under the Rev. Sts. c. 101, to determine the value of improvements made by the tenant in a writ of entry upon the demanded premises, states in his report that the tenant many years before built and paid for a fence upon the premises, but does not state that it is now of any value, the tenant cannot be allowed the amount of the payment for the fence.

MERRICK, J. This is a writ of entry to recover possession of the land in Charlestown, described in the declaration. The tenant alleged that, by virtue of the provisions of § 19 of c. 100 of the Rev. Sts., he was entitled to compensation for the value of improvements made by him and by his grantor on the premises; and he entered on the record a suggestion of his claim, with a request that the value of the improvements might be ascertained and allowed to him. After a verdict for the demandant, the case was sent, by agreement of the parties, to an assessor, to find and report to the court the value of the alleged improvements.

The assessor made his report to the court; and the tenant thereupon moved that it be accepted, but so amended as that he should be allowed all the items named in it. The court thereupon ruled that he was entitled to recover only the sum of four hundred dollars, which was allowed by the assessor; and accepted the report, disallowing all the other items mentioned in it. To this ruling the tenant excepted. The demandant suggested that there were irregularities in the proceeding, of which he might take advantage, but he declined to do so, and made no objection to the allowance reported by the assessor.

The items concerning which the parties now differ are those relative to expense incurred in filling up the land over which Bunker Hill Street is located, in constructing a sidewalk in front of the demanded premises, and in building and maintaining a fence around the same; to the amount paid for taxes on the

premises, and interest on the several sums charged for these pay-ments and expenses.

The items for expenditures incurred in making improvements upon the land over which Bunker Hill Street is located, and for the construction of the sidewalk, cannot be allowed, because both the street and the sidewalk were wholly without the limits of the demanded premises. The claim of the tenant is made under and by force of the statute; and that restricts his right in express terms to improvements made on the premises de-scribed in the declaration and recovered by the demandant. The taxes paid and the interest charged on the expenditures made by the tenant constitute no improvement of the land, and give no increase to its value, and therefore they are not items for which the tenant, under the statute, is entitled to be allowed. Rev. Sts. *c.* 101, § 19.

If the fence built in 1844 and afterwards maintained around the premises was, at the time of the rendition of the verdict or of the hearing before the assessor, of any value, or any improvement to the estate, its value as an improvement would be an item which the tenant might justly claim, and which ought then to be allowed to him. But though not so ex-pressed in terms, we understand that the assessor finds that it was no improvement and of no value. He reports the value of the whole estate, without the improvements made upon it, to be $996; with them, $1396; a difference of $400, the same sum which was allowed for filling up and levelling the land. This obviously excludes any allowance for the fence. The assessor assigns no reason for his opinion upon that sub-ject; but it appears that the fence was constructed many years since, and although some charges have been subsequently in-curred in repairs of it, it is not improbable that it had become so worn and decayed as to be, in the judgment of the assessor, entirely worthless. At any rate, he has not reported it as an improvement of the premises, or as being of any present value, and therefore the cost incurred concerning it cannot legally be allowed to the tenant. *Exceptions overruled*

*N. Richardson*, for the tenant.

*M. G. Cobb*, for the demandant.